UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
===============================================================

ANGELITA KERCADO-CLYMER,
                Plaintiff,

v.                                              6:07-CV-00086 (NPM/DEP)

CITY OF AMSTERDAM,
THOMAS V.N. BROWNELL,
As Chief of Police of the City of
Amsterdam, and in his Individual
Capacity,
                Defendants.
===============================================================

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF JAMES B. TUTTLE<br>Attorney for Plaintiff<br>10 Century Hill Drive, Suite 4<br>Latham, New York  12110 | JAMES B. TUTTLE, ESQ. |
| LEMIRE JOHNSON, LLC<br>Attorney for Defendant<br>City of Amsterdam<br>2534 Route 9, P.O. Box 2485<br>Malta, NY   12020 | GREGG T. JOHNSON, ESQ. |
| PENNOCK, BREEDLOVE & NOLL, LLP<br>Attorneys for Defendant<br>Thomas V.N. Brownell<br>1407 Route 9, Nine North<br>Clifton Park, NY  12065 | JOHN H. PENNOCK, ESQ.<br>TRACY M. LAROCQUE, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

SUMMARY ORDER

On January 23, 2007, plaintiff Angelita Kercado-Clymer ("plaintiff"), a

police officer with the City of Amsterdam Police Department, brought this employment discrimination action against the City of Amsterdam ("City") and Police Chief Thomas V.N. Brownell ("Brownell") pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"). Plaintiff also sought relief and/or damages from both defendants for violation of her right to procedural due process, substantive due process, freedom of speech, freedom of religion, and freedom of association under the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988, and state relief under the New York State Human Rights Law ("NYHRL"), codified at § 290 et seq.

In her five-count complaint, plaintiff alleged employment discrimination on the basis of gender, national origin, and religion, and complained specifically of hostile work environment. Plaintiff also alleged retaliation against her by Brownell for complaining about Brownell's discriminatory conduct.

On May 30, 2008, Brownell and the City defendants filed motions for summary judgment (Doc. Nos. 33 and 34, respectively). On January 30, 2009, this court issued a Memorandum - Decision and Order ("MDO") (Doc. No. 53), granting the City defendants' motion, by reason of abandonment, on the issues of discrimination based on national origin and religion. The court also granted Brownell's motion for summary judgment on the issue of Title VII liability against

2

him in his individual capacity.  Summary judgment on the remainder of issues was denied, including Brownell's request for qualified immunity for his actions, which are alleged to include discriminatory remarks and discipline, and retaliation for the plaintiff's subsequent complaint regarding his behavior.  The court found that Brownell was not entitled to qualified immunity, based on the disputed facts of this case, precluding summary judgment.  Brownell filed an interlocutory appeal, arguing that even accepting plaintiff's version of the facts and drawing all inferences in her favor, he is entitled to qualified immunity as a matter of law.

Considering plaintiff's hostile work environment claim, and her argument that she was subjected to sexual harassment on a regular basis, the court of appeals found that only a few of the incidents alleged by plaintiff as contributing to the hostile work environment were facially related to sex.  "Even taken together, ... while certainly highly offensive, these instances are far less severe or pervasive than those for which we have concluded that a reasonable trier of facts could find a hostile work environment." Kercado-Clymer v. City of Amsterdam, 2010 WL 1170084 at *2 (2d Cir. 2010).  In sum, the court of appeals stated that "[t]o be denied summary judgment on qualified immunity, an official must violate clearly established law. We conclude that Brownell's actions, while patently inappropriate, did not violate clearly established law." Id.   Accordingly, the court dismisses

plaintiff's hostile work environment claims pursuant to the mandate of the court of appeals.

The court of appeals also concluded that this court properly denied summary judgment on plaintiff's retaliation claims pursuant to Section 1983 and under the NYHRL, finding that plaintiff satisfied the prima facie requirements of Title VII retaliation. Despite the court's dismissal of Title VII claims against Brownell in his individual capacity, "Title VII law is used to evaluate [the plaintiff's] claims brought under the NYHRL and section 1983." Id. at n.1. The court of appeals also affirmed this court's denial of summary judgment on plaintiff's claim of retaliation in violation of the First Amendment.

For the reasons set forth above, the court hereby dismisses Kercado-Clymer's hostile work environment claims on the basis of qualified immunity. The remaining claims will be scheduled for trial at the earliest possible date, and a pretrial order will issue.

SO ORDERED.

June 3, 2010

_____
Neal P. McCurn
Senior U.S. District Judge