UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ANGELITA KERCADO-CLYMER, | \* | CIV 6:07-cv-86 CBK |
| Plaintiff, | \* | ORDER AND OPINION |
| v. | \* | |
| CITY OF AMSTERDAM and THOMAS V.N. BROWNELL, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Angelita Kercado-CLymer ("plaintiff"), a police officer with the City of Amsterdam Police Department, instituted this employment discrimination action against the City of Amsterdam ("City") and police chief V.N. Brownell ("Brownell"). She claims that defendant Brownell discriminated against her, created a hostile work environment (Count 1), retaliated against her for complaining about his discriminatory conduct (Count 2), creating a cause of action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq. against both defendants. She claims that defendants' actions also violated the New York State Human Rights Law (Count 3). She contends that Brownell's conduct, which she asserts the City acquiesced in or condoned, deprived her of her state and federal constitutional or statutory rights to procedural due process, substantive due process, freedom of speech, freedom of religion, and freedom of association, creating a cause of action under 42 U.S.C. §§ 1983 and 1988 (Count 4). Finally, she contends that the City established an unconstitutional municipal pattern, practice, or policy, entitling her to relief under the principles of Monell v. Department of Social Services of the City of New York, 463 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (creating a cause of action against local government units under § 1983 based upon an unconstitutional custom) (Count 5).

Brownell moved for summary judgment both substantively and on the basis of qualified immunity. City moved for summary judgment substantively. U.S. District Judge Neal P. McCurn issued an opinion on the motions for summary judgment on January 30, 2009. Judge

McCurn determined that plaintiff's national origin[1] and religion claims had been abandoned and should be dismissed. Judge McCurn also granted summary judgment as to plaintiff's Title VII claims against Brownell individually. Plaintiff's Title VII hostile work environment and retaliation claims against City survived summary judgment. Likewise, Judge McCurn did not grant summary judgment as to the New York State Human Rights Law claim against both defendants, plaintiff's § 1983 claim against both defendants, and plaintiff's Monell claim against the City. Judge McCurn denied Brownell's qualified immunity defense to the § 1983 action.

Brownell appealed the denial of his motion for summary judgment on the basis of qualified immunity.[2] The United States Court of Appeals for the Second Circuit affirmed the denial of qualified immunity to Brownell on plaintiff's New York State Human Rights Law and § 1983 retaliation claims but reversed the denial of qualified immunity to Brownell on plaintiff's New York State Human Rights Law and § 1983 hostile work environment claims. Kercado-Clymer v. City of Amsterdam, 2010 WL 1170084 (2nd Cir. March 25, 2010). The matter was remanded to the district court for further proceedings.

On June 3, 2010, Judge McCurn dismissed plaintiff's hostile work environment claims against Brownell on the basis of qualified immunity. He specifically held that the § 1983 and New York law claims against Brownell based upon retaliation survived.

Defendant Brownell has filed a motion to bifurcate the trial against each defendant. The basis of the motion is Brownell's concern that evidence in support of plaintiff's hostile work environment and Monell claims against the city would be inadmissible and irrelevant to claims remaining against Brownell and, if admitted in support of the claims against the City, would be extraordinarily prejudicial to Brownell.

---

[1] Although plaintiff did not specifically claim discrimination based upon her national origin, she did set forth in the factual portion of her complaint that she was of Puerto Rican descent and alleged that Brownell made an offensive joke about Puerto Ricans.

[2] City could not file an interlocutory appeal as to the denial of its motion for summary judgment. Tellier v. Fields, 280 F.3d 69, 78 (2d Cir. 2000).

Specifically, plaintiff's Monell claim asserts that, during the time period that plaintiff was complaining to the City about Brownell's actions against her, a civilian employee of the police department, Karen Ottati, was making similar complaints to the city about Brownell's conduct towards her. Plaintiff contends that the City denied and ignored Ms. Ottati's complaints just as they did plaintiff's complaints, thus establishing municipal liability for a custom of violating plaintiff's civil rights.

## DECISION

At the outset I will set forth specifically what claims remain in this action and what claims have been dismissed. The Second Circuit noted that qualified immunity shields Brownell from liability for civil damages insofar as his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Kercado-Clymer v. City of Amsterdam, 2010 WL 1170084, p. 1, (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The law is clear in the Second Circuit that

> when a defendant official invokes qualified immunity as a defense in order to support a motion for summary judgment, a court must consider two questions: (1) whether the evidence, viewed in the light most favorable to the plaintiff, makes out a violation of a statutory or constitutional right, and (2) whether that right was clearly established at the time of the alleged violation.

Tracy v. Freshwater, 623 F.3d 90, 96 (2nd Cir. 2010). The Second Circuit in this case analyzed the first question and determined that, while Brownell's conduct towards plaintiff was offensive and patently inappropriate, the conduct was not severe or pervasive enough that a reasonable trier of fact could find that the conduct created a hostile work environment. Thus, the Second Circuit found that Brownell was entitled to qualified immunity from damages for hostile work environment claims and sexual harassment.

I will set forth below what effect the Second Circuit's holding has on the plaintiff's claims against each defendant.

**Title VII Claims.**

"[I]ndividuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2nd Cir. 2000). Judge McCurn correctly so noted when he granted Brownell summary judgment as to plaintiff's Title VII claims against Brownell.

An employer is subject to vicarious liability under Title VII for an actionable hostile environment created by a supervisor with immediate authority over the employee. Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct. 2275, 2293, 141 L.Ed.2d 662 (1998). However, vicarious liability only lies where the actor (here, Brownell) violated plaintiff's rights. The Second Circuit held that, as a matter of law, Brownell's conduct did not rise to the level of creating a hostile work environment. Therefore, the City cannot be vicariously liable to plaintiff on her Title VII hostile work environment claim. The City was and would be entitled to summary judgment or a judgment as a matter of law on plaintiff's Title VII hostile work environment claim based upon the Second Circuit's finding that, as a matter of law, Brownell's actions against plaintiff did not rise to the level of creating a hostile work environment. The City so moved (before the appeal) but the motion for summary judgment was denied, Judge McCurn having found that genuine issues of material fact existed whether Brownell's conduct created a hostile work environment. Upon remand, the City was entitled to summary dismissal of the Title VII hostile work environment claim. Such claim should now *sua sponte* be dismissed.

Plaintiff's Title VII retaliation claim against the city survived summary judgement and appeal and that claim will be tried.

**New York State Law Claim.**

The Court of Appeals for the Second Circuit held that Brownell was entitled to qualified immunity as to plaintiff's hostile work environment claim against him under the New York State Human Rights Law. Because plaintiff's hostile work environment claim against the City is based solely upon the acts of Brownell and because the Second Circuit found as a matter of law that Brownell's actions did not rise to the level of creating a hostile work environment, the City would be entitled to summary judgment or judgment as a matter of law on plaintiff's hostile work environment claim under the New York State Human Rights Law. Demoret v. Zegarelli, 451 F.3d 140, 153 (2nd Cir. 2006). The City so moved (before the appeal) but the motion for summary judgment was denied, Judge McCurn having found that genuine issues of material fact existed whether Brownell's conduct created a hostile work environment. Upon remand, the City was entitled to summary dismissal of the state law hostile work environment claim. The City did not renew its motion but such claims should be dismissed *sua sponte*. The law of the case demands such a result.

4

The state law claims against Brownell and the City based upon retaliation survived summary judgment and appeal, and those claims will be tried.

**Section 1983 Claims.**

A municipality may not be held liable in a § 1983 claim under a theory of respondeat superior. Jett v. Dallas Independent School Dist., 491 U.S. 701, 735, 109 S.Ct. 2702, 2722-23, 105 L.Ed.2d 598 (1989). Section 1983 claims asserted against a municipality must be premised upon a municipal policy or custom. Monell v. Department of Social Services, 436 U.S. 658, 692-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). One way of demonstrating Monell liability is to show "that a discriminatory practice of municipal officials was so 'persistent or widespread' as to constitute 'a custom or usage with the force of law' or that a discriminatory practice of subordinate employees was 'so manifest as to imply the constructive acquiescence of senior policy-making officials.'" Patterson v. County of Oneida, N.Y., 375 F.3d at 226 (*quoting* Sorlucco v. New York City Police Department, 971 F.2d 864, 870-71 (2d Cir. 1992)).

Although a municipality is a person withing the meaning of 42 U.S.C. § 1983, unlike individual persons, it may not assert qualified immunity. Vives v. City of New York, 524 F.3d 346, 350 (2nd Cir. 2008). Allowing plaintiff to assert § 1983 liability against the City despite Brownell's qualified immunity has specifically been condoned by the United States Supreme Court:

> We believe that today's decision, together with prior precedents in this area, properly allocates these costs among the three principals in the scenario of the § 1983 cause of action: the victim of the constitutional deprivation; the officer whose conduct caused the injury; and the public, as represented by the municipal entity. The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury. The offending official, so long as he conducts himself in good faith, may go about his business secure in the knowledge that a qualified immunity will protect him from personal liability for damages that are more appropriately chargeable to the populace as a whole. And the public will be forced to bear only the costs of injury inflicted by the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. New York City Dept. of Social Services*, 436 U.S., at 694, 98 S.Ct., at 2038.

Owen v. City of Independence, Mo., 445 U.S. 622, 657-58, 100 S.Ct. 1398, 1418-19, 63 L.Ed.2d 673 (1980).

Owen, however, does not apply in this case so as to subject the City to liability under § 1983 for a hostile work environment claim. In the present case, qualified immunity was not premised upon Brownell's reasonable belief as to whether his conduct violated the law. Instead, the Second Circuit held that Brownell's conduct did not in fact and as a matter of law create a hostile work environment. The City cannot be held liable to plaintiff under § 1983, as a matter of law, for any alleged custom of allowing Brownell to create a hostile work environment and would be entitled to summary judgment or judgment as a matter of law as to that claim. The City so moved (before the appeal) but the motion for summary judgment was denied, Judge McCurn having found that genuine issues of material fact existed whether Brownell's conduct created a hostile work environment. Upon remand, the City was and is entitled to summary dismissal of the § 1983 hostile work environment claim.

Whether Brownell created a hostile work environment for another employee and whether the City had a custom of allowing such a practice would be irrelevant as to plaintiff. She was, as a matter of law, not subject to a hostile work environment by the conduct of Brownell and therefore has no standing to assert a claim against the City as to any custom of allowing such conduct. Any evidence as to Brownell's conduct in creating a hostile work environment for Ms. Ottati or the City's alleged custom of allowing such conduct would be irrelevant and inadmissible at the trial of plaintiff's remaining retaliation claims.

The § 1983 Monell claim against the City based upon retaliation survived summary judgment and appeal, and that claim will be tried.

**Summary of Claims for Trial.**

The issues for trial against Brownell are (1) whether Brownell is liable under the New York State Human Rights Law for alleged retaliation against plaintiff and (2) whether Brownell is liable under § 1983 for alleged retaliation against plaintiff in violation of federal law. The issues for trial against the City are (1) whether the City is liable under Title VII for Brownell's alleged retaliation against plaintiff, (2) whether the City is liable under the New York State Human Rights Law for alleged retaliation against plaintiff, and (3) whether the City is liable

under § 1983 based upon a municipal policy or custom of allowing Brownell to retaliate against plaintiff.

**Bifurcation.**

Fed. R. Civ. P. 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims . . .

"The interests served by bifurcated trials are convenience, negation of prejudice, and judicial efficiency. Bifurcation may therefore be appropriate where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." Vichare v. AMBAC, Inc., 106 F.3d 457, 466 (2nd Cir. 1996) (internal citations omitted). The Court of Appeals reviews the district court's order to bifurcate a trial for abuse of discretion. Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2nd Cir. 1999).

None of the interests promoted by Rule 42(b) exist in this case. The only claims against both defendants arise out of Brownell's alleged retaliation against plaintiff. While the fact that plaintiff claimed that Brownell had violated her civil rights would be necessary evidence to support a retaliation claim, the specifics of Brownell's alleged conduct would not be admissible. Thus, Brownell would not be prejudiced by a joint trial. The motion should be denied.

## ORDER

Now, therefore

IT IS ORDERED, as follows:

(1) The motion to bifurcate, Doc. 94, is denied.

(2) *Sua sponte*, based upon the law of the case, all claims of the plaintiff for a claimed hostile work environment as to both defendants are dismissed.

(3) *Sua sponte*, based upon the law of the case, all claims of the plaintiff under New York state law for creating or maintaining a hostile work environment are dismissed.

(4) *Sua sponte*, based upon the law of the case, all claims of the plaintiff under Section 1983 for creating or maintaining a hostile work environment are dismissed.

Dated this 13th day of December, 2010.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge